# SUPERIOR COURT

|                    |                    |
|--------------------|--------------------|
| Alfredo Violo vs. American Screw Company | W.C.A.Pet.No.521 |

RESCRIPT.

July 3, 1925.

BAKER, J. Petition under Workmen's Compensation Act.

It appears that the petitioner has worked for the respondent company some eight years. He claims that he suffered an accident or injury about October 4, 1924.

The testimony shows that some two and a half or three years prior to this date the petitioner, a part of whose work consisted of lifting bundles of wire, strained himself and had pain in his left groin. He immediately went to a doctor, who examined him, and who gave him a truss for a hernia. On this occasion the petitioner lost no time whatever from his work. He continued in his same employment until a few days prior to the 4th of October last, when the pain gradually increased to such an extent that he could no longer continue working. He then went to a physician, who in a few days operated upon him for a rupture. The physician in the case did not testify.

It is clear from the evidence that no sufficient notice was given under the statute of the accident or injury which happened some two and a half or three years prior to last October and no claim for compensation was made within the required time.

The defendant urges that there was no accident which took place on the 4th of October, 1924.

It appears to the Court that this contention is sound. If there was any accident or injury which happened in the course of the petitioner's employment, in the judgment of the Court it took place some two and a half or three years prior to October and not at the latter date. The testimony shows clearly that nothing unusual or out of the ordinary happened on said last mentioned date. The petitioner apparently was going about his work as usual. It is clear that the hernia or rupture which was started some two and a half or three years earlier merely gradually developed until the petitioner was compelled to have the operation in question. In this connection see the petitioner's signed statement.

In the opinion of the Court, in order to constitute an accident, which has been described as an injury traceable to a definite time, place and cause, there must be some definite mishap or untoward event. There is nothing in the case to show that there was any such happening on or about the 4th of October.

Many of the cases relating to hernia under the compensation acts are difficult to reconcile, but practically in all of them there is testimony of some definite accident or mishap upon which the claim is based. Also, it is possible that in this case something which the man had done outside of his employment may have aggregated or caused the hernia to develop or increase.

On all the testimony, the Court is of the opinion that there was no accident on or about October 4, 1924, which would entitle the petitioner to

compensation or his medical expenses.

The petition is denied.

For Plaintiff: Cianciarulo Cianciarulo and Uldrich Pettine.

For Defendant: Gardner, Moss and Haslam.